IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERRIE S.,[1] | : | Case No. 3:20-cv-00335 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.  INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in February 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), Plaintiff's Reply (Doc. 15), and the administrative record (Doc. 9).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since July 9, 2016. At that time, she was forty-six years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 9, PageID 54-63), Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and

3

where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.   THE ALJ'S DECISION

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since July 9, 2016, the alleged onset date. |
| Step 2: | | She has the severe impairments of Crohn's disease, depression, and an anxiety disorder. |
| Step 3: | | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR 404.1567(b), subject to the following limitations: "(1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes, or scaffolds; (3) no work around hazards, such as unprotected heights or dangerous machinery; (4) limited to jobs in which she would have access to restroom facilities at normal break times; (5) limited to performing unskilled, simple, and repetitive tasks; (6) occasional contact with co-workers and supervisors; (7) no public contact; (8) no fast-paced production work or jobs that involve strict production quotas; and (9) limited to performing jobs that involve very little, if any, change in the job duties or work routine from one day to the next." |

|||
|---|---|
| | She is unable to perform any of her past relevant work. |
| Step 5: | Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. |

(Doc. 9, PageID 56-63.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 63.)

V.  **ANALYSIS**

Plaintiff asserts that the ALJ failed to properly weigh the opinion of treating psychiatrist Emad Alshami, M.D., and therefore the ALJ's "[m]ental RFC determination is unsupported by substantial evidence." (Doc. 11, PageID 531, 539.) For the reasons discussed below, the Court finds that the ALJ's conclusions regarding Dr. Alshami's opinion are supported by substantial evidence.

A.  **Applicable Law**

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate *every* medical opinion in the record, regardless of its source. *See* 20 C.F.R. § 404.1527(b), (c) (emphasis added). The regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity" of a claimant's impairments, including "symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

5

Further, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides . . . medical treatment or evaluation and who has . . . an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, then "the ALJ, in determining how much weight is appropriate, must consider . . . the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific

6

reasons for the weight placed on a treating source's medical opinions." *Hargett*, 964 F.3d at 552 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[2]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner."). Moreover, the Social Security Act and agency regulations require an ALJ to determine a claimant's RFC based on the evidence as a whole. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1520(a)(4)(iv) ("the [ALJ] . . . is responsible for assessing your [RFC]"). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources."). *Id.* (footnote omitted). If the RFC conflicts with an opinion from a medical source, "the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

---

[2] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

### B. Dr. Alshami

Dr. Alshami completed a checkbox Mental Capacity Assessment form in February 2017. (Doc. 9, PageID 387-89.) Dr. Alshami indicated that Plaintiff experienced moderate limitation in work-related abilities that related to understanding and memory. (*Id.* at PageID 387.) He indicated marked impairment in all areas that related to sustained concentration and persistence, social interaction, and adaptation. (*Id.* at PageID 388-89.) According to Dr. Alshami, Plaintiff would likely miss work four or more times per month. (*Id.* at PageID 388.) He also opined that Plaintiff had "high anxiety" and would be "unable to work during panic attacks." (*Id.* at PageID 389.)

Additionally, Dr. Alshami opined in a February 2019 letter that Plaintiff's symptoms were "most debilitating and [did] not allow her to participat[e] in normal, everyday activities to any degree that would allow her to participate in any type of employment." (Doc. 9, PageID 512.) He further opined:

> It is my medical observation and professional opinion that she is unable to participate in the workforce now or in the future, as she would more than likely, experience a devastating set back [sic] if she were forced into daily regimes that she could not have some semblance of control.

(*Id.*) Dr. Alshami explained: "Her symptoms include anxiousness resulting in panic attacks, excessive and intense fears, loss of concentration/focus, [and] difficulty making decisions. These symptoms manifest in a physical nature as well, such as[:] trembling, shortness of breath to point [sic], heart palpitations, nausea, cold sweats, feeling of choking, [and] fainting." (*Id.*)

8

The ALJ concluded that Dr. Alshami's opinion is not entitled to controlling or deferential weight; instead, the ALJ assigned little weight to his opinion. (Doc. 9, PageID 61.) The ALJ explained that Dr. Alshami's limitations are "inconsistent with substantial evidence of record" and "inconsistent with the overall objective evidence of record, including his own notes and [Plaintiff's] level of treatment." (*Id.*) The ALJ observed that Dr. Alshami's treatment notes document many normal findings, citing several examples. (*Id.*) The ALJ also described Dr. Alshami's opinion as "inconsistent with other physician opinion [sic]." (*Id.*)

The ALJ appropriately weighed the factors under 20 C.F.R. § 404.1527(c) and his decision to discount Dr. Alshami's opinion is supported by substantial evidence. The ALJ correctly stated that Dr. Alshami's notes "consistently indicate[d] that [Plaintiff] has normal speech, average psychomotor activity, logical and goal directed thought processes, normal cognition, 'good' insight, 'good' judgment, and average intelligence." (*Id.*) After noting that Dr. Alshami's notes dated between August 2017 and February 2019 consistently documented euthymic moods and a full affect, the ALJ reasoned that these findings were "wholly inconsistent with a finding that [Plaintiff] has debilitating depression and anxiety." (*Id.*) Indeed, as the ALJ observed: "As recently as February 7, 2019, just days before Dr. Alshami issued his February 22, 2019, letter, his own treatment notes show normal findings and that [Plaintiff] has [a] euthymic mood." (*Id.*)

The ALJ also appropriately addressed Dr. Alshami's treatment notes when he discussed the medical evidence in connection with formulating Plaintiff's residual functional capacity. (*Id.* at PageID 60.) The ALJ acknowledged that Dr. Alshami's notes

9

"show a characteristically depressed mood with some associated anxiety." (*Id.*) He also acknowledged Plaintiff's complaints of difficulty handling stress and changes in routine. (*Id.*) He then balanced these findings with other normal findings in Dr. Alshami's notes:

- Plaintiff "consistently demonstrates full contact with reality and there is no evidence of psychosis."
- Plaintiff's symptoms "appear to be mostly situational in nature and related to financial concerns, and not due to spontaneous triggers."
- Plaintiff "does not have agoraphobia."
- Plaintiff "consistently has normal cognition and thought processes."
- Plaintiff "demonstrates appropriate attention and concentration."
- Plaintiff has "'good' judgment and normal through process" and "consistently maintains good judgment and insight."
- Between 2017 and 2019, "[Plaintiff's] provider noted she had euthymic mood[s]."
- "The treatment notes do not indicate that [Plaintiff] reported significant limitations with interacting with others."

(*Id.*) These conclusions are supported by substantial evidence.

The ALJ also found that Dr. Alshami's opinion is inconsistent with other evidence in the record; namely, the findings of the State agency psychological consultants. (*Id.* at PageID 61.) Plaintiff argues that "discounting Dr. Alshami's opinion simply because it may seem inconsistent with the State Agency consultants or Plaintiff's mood on a few examinations is contrary to the very reasoning of the treating physician rule." (Doc. 11, PageID 542, citing *Bowermaster v. Comm'r of Soc. Sec.*, 395 F. Supp. 3d 955, 961 (S.D. Ohio Sept. 25, 2019) (Newman, M.J.).) The Court disagrees.

As an initial matter, the treating physician rule does not require ALJs to ignore inconsistencies between a treating source's opinion and the opinions of other medical sources. Instead, an ALJ can "properly discount even a treating source opinion if the opinion is unsupported and inconsistent with other substantial evidence in the record."

10

*Herndon v. Comm'r of Soc. Sec.*, Case No. 20-6094, 2021 U.S. App. LEXIS 15178, *15 (6th Cir. May 20, 2021). Thus, the ALJ was permitted to consider the inconsistencies between the opinions of the state agency consultants and the opinions of Dr. Alshami.

*Bowermaster* does not support the Plaintiff's argument. That Court held that the ALJ erred by failing to consider all of the treating physician's treatment notes and instead focusing solely on treatment notes written on the same days as his opinions. 395 F. Supp. 3d at 961. The ALJ in this case, by contrast, did not discount Dr. Alshami's opinion based on a one-time snapshot of Plaintiff's condition. Instead, he reviewed and evaluated the longitudinal picture of Plaintiff's symptoms and mental status as documented during the entirety of Dr. Alshami's treatment. (*See* Doc. 9, PageID 60-61.)

Further, whereas the state agency consultant's opinion in *Bowermaster* supported that treating physician's opinions, the state agency consultants' opinions in this case do not support Dr. Alshami's opinion. Instead, the state agency consultants in this case found only mild to moderate impairment in areas of work-related mental functioning. (Doc. 9, PageID 107-11, 124-27.)

For all these reasons, the ALJ's decision to assign little weight to Dr. Alshami's opinion is supported by substantial evidence. It therefore must be affirmed by this Court.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is OVERRULED;
2. The Court AFFIRMS the Commissioner's non-disability determination; and
3. The case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge